AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

Approximately $29,987.75 recovered
on August 19, 2006 in Kuait

**APPLICATION AND AFFIDAVIT
FOR SEIZURE WARRANT**

CASE NUMBER:

I,     Debra L. LaPrevotte     being duly sworn depose and say:

I am a(n)  Special Agent with the Federal Bureau of Investigation  and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely  (describe the property to be seized)

Approximately $29,987.75 recovered on August 19, 2006 in Kuait

which is (state one or more bases for seizure under the United States Code)

subject to seizure, pursuant to 18 U.S.C. § 981(a)(1)(C), incorporating by reference 18 U.S.C. § 1956(c)(7), incorporating by reference 18 U.S.C. § 1961(1), as proceeds traceable to or derived from violations of 18 U.S.C.§ 201 (bribery), a "specified unlawful activity".

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES    ☐ NO

Diane Lucas
Asset Forfeiture Unit, Criminal Division
(202) 514-8097

Signature of Affiant
Debra L. LaPrevotte, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DEBRA L. LaPREVOTTE

DEBRA L. LaPREVOTTE, being duly sworn, deposes and states as follows:

## AFFIANT'S EXPERIENCE

1. I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed for eleven (11) years. Currently, I am assigned to the Asset Forfeiture/Money Laundering Squad in the FBI's Washington, D.C., Field Division (Northern Virginia Resident Agency). My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal anti-money laundering statutes (18 U.S.C. §§ 1956 and 1957), as well mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), and health care fraud (18 U.S.C. § 1347) violations. I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2. I am currently assisting SA Kevin Donnelly, FBI, Washington Field Office. SA Donnelly is assigned to investigate public corruption and crimes against the government.

3. The information contained in this affidavit is based on my personal knowledge and observations accumulated during the course of this investigation; on information conveyed to me by other law enforcement personnel; and on my review of documents and interview reports. The affidavit is submitted for the limited purpose of establishing probable cause in support of this application for a seizure warrant, and thus, it does not contain every fact known by me or the United States.

## PROPERTY FOR SEIZURE

4. This affidavit supports an application for a seizure warrant for approximately $29,987.75 recovered on August 19, 2006 from the quarters of Lieutenant Colonel Marshall Guiterrez of the United States Army stationed in Kuwait. The money recovered from

Guiterrez's quarters consists of $12,943.00 in U.S. currency and 4801.34 Kuwati Dinar, which when converted to U.S. dollars will be approximately $17,044.75, thus the total amount of funds requested for seizure is approximately $29,987.75.

## PURPOSE OF APPLICATION AND LEGAL DISCUSSION

5. The Federal Bureau of Investigation is investigating allegations that Lieutenant Colonel Marshall Gutierrez of the United States Army was involved in soliciting bribes, in violation of 18 U.S.C. § 201.

6. This Affidavit is submitted in support of a finding of probable cause for the seizure of the above named funds by a civil seizure warrant pursuant to 18 U.S.C. § 981(a)(1)(C), incorporating by reference 18 U.S.C. § 1956(c)(7), incorporating by reference 18 U.S.C. § 1961(1).

7. As discussed in detail below, the Affiant has probable cause to conclude that Marshall Gutierrez was engaged in criminal activity involving the solicitation of bribes and there is probable cause to believe that the above named funds were proceeds or derived from proceeds traceable to violations of a "specified unlawful activity," 18 U.S.C. § 1956(c)(7), incorporating 18 U.S.C. § 1961(1), specifically, proceeds traceable to violations of 18 U.S.C. § 201 (bribery). As such, the above named funds are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## SUMMARY OF BACKGROUND AND PROBABLE CAUSE

8. On August 14, 2006, U.S. Army Criminal Investigative Division (CID) initiated an investigation of Lieutenant Colonel Marshall Gutierrez, who, at the relevant times herein, was the Director of Logistics for Area Support Group Kuwait (ASGK). Part of Gutierrez's

responsibilities included the purchasing and acquisition of supplies for logistical support for an army unit in Kuwait.

9. The CID's investigation centered on an allegation that Gutierrez solicited a bribe from a contractor doing business with ASGK. During an August 17, 2006 meeting between Gutierrez and a cooperating witness, who was wearing a body recorder, Gutierrez accepted at bribe of 1,000 Kuwaiti Dinar, or approximately $3,500.00. He was arrested by CID Agents shortly thereafter.

10. On August 19, 2006, searches of Gutierrez's government-leased quarters, office, and vehicles were conducted. Approximately $12,943.00 in U.S. currency and 4801.34 Kuwaiti Dinar (approximately $17,044.75 USD) were found in a safe in Gutierrez's quarters along with what is believed to be a safety deposit box key. Additionally, various classified and otherwise sensitive documents were found in his vehicle. All the aforementioned items were seized as part of the criminal investigation and currently remain in the custody of Army CID in Kuwait.

11. Gutierrez was initially held in military custody pending trial, but was ordered released by a military magistrate. On or about September 4, 2006, Gutierrez took his own life by drinking a quantity of antifreeze.

12. W1, a maid working for Gutierrez, was interviewed by CID and stated that she witnessed individuals coming to Gutierrez's house and handing him bags of cash. W-1 stated that in June and July of 2006, she observed Gutierrez receive several envelopes containing cash from an unknown person at his residence in Kuwait. On one occasion W-1 witnessed Gutierrez put a wad of Kuwaiti dinar in his pocket. The envelope the money had arrived in had the following printed on it,"Month of June Paid 600 KD." W-1 stated that while cleaning

Gutierrez's room where he kept his safe, she found a brown paper bag filled with several bundles of $100 bills with the bank bundle wrapping still around each bundle.  W-1 stated that the money was new and she actually took a bundle out of the bag to see, feel and smell it.  W-1 said she put the money back in the bag and the bag on the shelf in the closet.

      13.   Your affiant spoke to FBI SA Steve Lazarus who is currently assigned to investigations in Kuwait.  SA Lazarus stated that while in Kuwait, U.S. servicemen are limited to the amount money they are allowed to cash from checks, only $300.00.  Further, Army personnel are discouraged from carrying large sums of cash and are encouraged to use pre-paid debit cards that can be used anywhere on base.  As part of the investigation, it was learned that the Army directly deposited Gutierrez's bi-weekly paychecks into his personal bank account in the United States.  Gutierrez's wife was living in the United States.

      14.   Army CID is converting the recovered 4801.34 Kuwaiti dinar into U.S. currency.  Thus, the total amount of funds found in Gutierrez's safe is approximately $29,987.75, but will depend upon the currency exchange rate at the time of the exchange.

**CONCLUSION**

15. Based on the information contained in this affidavit, there is probable cause to believe that Marshall Gutierrez solicited and accepted bribes in reference to the acquisition of goods and services by the Army in Kuwait. Further, there is probable cause to believe that the U.S. currency and Kuwaiti Dinar found in Gutierrez's safe are proceeds from cash bribes. It is therefore requested that a seizure warrant be issued for approximately $29,987.75 in U.S. currency.

                                                                     _____
                                                                      Debra LaPrevotte, Special Agent, FBI

Sworn to and subscribed before me on this_____day of September, 2007.

_____
United States Magistrate Judge